No. 105.—James C. Branch and John Branch, administrators, &c. plaintiffs in error, *vs.* George M. Dawson, defendant in error.

[1.] After the pleadings are made up, and the cause set down for a hearing, the answer cannot be amended, upon the ground that the defendant was ignorant of the availability in law of a fact within his knowledge from the time the suit was instituted, as a defence thereto.

In Equity, in Greene Superior Court. Tried before Judge Starnes, March Term, 1851.

George M. Dawson, as one of the distributees of William S. Branch, deceased, in July, 1849, filed his bill for an account against James C. Branch and John Branch, as the administrators of said deceased. At March Term, 1850, the joint answer of the defendants was filed, and at the same term an appeal was entered, by the consent of parties.

At September Term, 1850, the defendants filed an affidavit, stating that letters dismissory from their trust as administrators, had been granted them by the proper Court, several years since, and before the filing of this bill; that being ignorant that such discharge would avail them anything in the defence of said bill, they did not communicate the fact to their solicitors, until casually the fact was stated within the hearing of one of them, on the day this affidavit was made, when, for the first time, defendants were informed and knew of that fact being available to them; and but for this ignorance on their part, such fact would have been pleaded and relied upon.

Upon the filing of this affidavit, Judge *Johnson* granted a continuance, with leave to defendants to prepare and tender a supplemental answer—its sufficiency or admissibility, being left an open question, to be decided when presented.

At March Term, 1851, Judge *Starnes* presiding, the supplemental answer was presented, and on argument being had thereon, the motion to admit the amendment or supplemental answer, was

refused by the Court.    This decision was excepted to, and is now assigned as error.

N. G. Foster and Meriwether, for plaintiff in error.

Cone, for defendant in error.

*By the Court.*—Nisbet, J. delivering the opinion.

[1.] The Courts do not favor amendments to answers in Chancery.    It is done with difficulty.    It cannot be done in this case. The only reason which the defendants give for amending the answer, the pleadings being made up and the cause for trial on the appeal, is, that they did not know that their discharge would be available to them in defence of this suit.    They knew of their discharge, from the beginning.    They were obliged to know of it. What then, is the ground—the only ground of the request to amend?    It is a misconception, or ignorance of their legal rights and remedies.    This ground is untenable.    An answer cannot be taken off the file and amended, or amended by supplemental bill, according to the modern practice, because a party was ignorant of the law of his case.

See *Martin vs. Atkinson*, 5 *Geo. R.* 340.    *Carey vs. Ector et al.* 7 *Geo. R.* 99.

In *Martin vs. Atkinson*, the amendment was allowed, but the facts were wholly different from the facts of this case.

*Linsey vs. Wilson*, 1 *Vesey & Beames*, 140.    *Bower vs. Cross*, 4 *John. Ch. R.* 375.    *Giles vs. Giles, Bailey Eq. R.* 420.    4 *Hen. & M.* 405.    2 *Danl. Ch. Prac.* 805, 911.    *Story Eq. Plead.* §§895, '6, '7, '8, '9, 900, '1.    *Cowper's Eq. Plead.* 337, '8.    *Mitford's Eq. Pl. by Jeremy*, 328.    1 *P. Williams*, 396.    3 *Atk.* 522.    3 *Wend.* 586.    6 *Cond. Ch. R.* 291.

Let the judgment be affirmed.